# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

**v.**                                                    Case No. 8:09-cv-2562-T-30MAP

**THE AMACORE GROUP, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants VICIS Capital, LLC, VICIS Capital Master Fund, LLC, Shad Stastney, and Chris Phillips' (collectively, the "VICIS Defendants") Motion to Dismiss (Dkt. 46) and Plaintiffs' Response in Opposition to same (Dkt. 54). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

This case arises from a dispute related to a merger/sale agreement (the "Merger Agreement") entered into between The Amacore Group, Inc. ("Amacore"), LBS Acquisition Corp., and Lifeguard Benefit Services, Inc. ("Lifeguard") in which Plaintiffs were to receive $12,348,855 of Amacore stock.[1] Specifically, to facilitate the taking over of the assets of Lifeguard, an entity in which Plaintiffs each had an ownership share, Amacore decided to form a corporation which would be a wholly owned subsidiary of Amacore. Thereafter, the

---

[1] Notably, Plaintiffs do not attach a copy of the Merger Agreement to their complaint.

wholly owned subsidiary would merge with Lifeguard, with Lifeguard being the surviving entity. In exchange for agreeing to merge in that fashion, the existing Lifeguard shareholders, i.e., Plaintiffs, would be issued shares of stock from Amacore and Amacore would pay off Lifeguard's existing debt.

According to the complaint, Shad Stastney ("Stastney") is the Chief Operating Officer and Head of Research for VICIS Capital, LLC and a director of Amacore. (Dkt. 1). According to the complaint, Chris Philips ("Philips") has been a managing director for VICIS Capital, LLC since February 2008 and is also a director of Amacore. Id. The complaint also states that members of Amacore's Board of Directors participated in the decision not to issue the shares of stock owed to Plaintiffs pursuant to the Merger Agreement. Id.

VICIS Capital Master Fund "[s]ince December 4, 2008" acquired at least 889,722,950 shares of Amacore Common Stock and these shares are held directly by VICIS Capital Master Fund, for which VICIS Capital LLC acts as an investment advisor. Id. According to the complaint, "VICIS now controls Amacore"[2] and "has deliberately withheld acquiring additional stock in Amacore in order to avoid the possibility of minority shareholders seeking a statutory determination of value and forced sale." Id.

The complaint also states that the adjustment date that was to be used to calculate the amount of stock owed to Plaintiffs was April 5, 2009, and that Amacore failed to issue the stock it owes to Plaintiffs pursuant to the Merger Agreement.

---

[2] It is uncertain which VICIS entity the complaint is referring to.

Plaintiffs originally filed this action in the United States District Court for the District of New Jersey. The VICIS Defendants filed a motion to dismiss, or in the alternative, to transfer venue to the Middle District of Florida. The court granted the motion to transfer and denied, without prejudice, the motion to dismiss with leave to refile it in this Court.

Subsequently, the VICIS Defendants refiled their motion to dismiss, which is currently at issue. The VICIS Defendants move to dismiss the following counts: count one (fraud in the inducement); count two (common law fraud); count three (breach of fiduciary duty); count five (unjust enrichment); count six (breach of the covenant of good faith and fair dealing); count seven (violation of New Jersey's Consumer Fraud Act); count eight (conversion); and count twelve (petition to pierce Amacore's corporate veil). As set forth in more detail herein, the Court concludes that these claims should be dismissed.

## DISCUSSION

**I.  Motion to Dismiss Standard**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in

the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Counts One and Two of the Complaint

Counts one and two of the complaint are fraud claims against all of the Defendants in this case. Specifically, count one is a claim for fraudulent inducement and count two is a claim for common law fraud. The VICIS Defendants move to dismiss these claims because they do not contain sufficient particularity required under Fed. R. Civ. P. 9(b). The Court agrees that these claims fall short of meeting the particularity requirement of Rule 9(b). Indeed, the allegations refer to "Defendants" without identifying which Defendant Plaintiffs are referring to and it is unclear to the Court how these claims even relate to the VICIS Defendants. VICIS Capital Fund, LLC, VICIS Capital Master Fund, LLC, and Chris Phillips are not even mentioned in any of the allegations and there is only a fleeting reference to Shad Stastney, regarding some meetings he attended.

Accordingly, the VICIS Defendants' motion to dismiss counts one and two are granted without prejudice to Plaintiffs to amend these claims. Importantly, Plaintiffs must specifically identify the who, what, when, where, and how of the alleged fraudulent acts.

The VICIS Defendants also argue that the economic loss doctrine bars Plaintiffs' claim for common law fraud. The Court disagrees. The economic loss doctrine prevents a plaintiff from recovering in tort for economic losses flowing from a contract. Indemnity Ins. Co. Of North America v. American Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004). Importantly, there must be privity of contract between the parties in order for the economic loss doctrine to apply. Id. at 536-37. Here, there is no privity of contract alleged between Plaintiffs and the VICIS Defendants. Accordingly, the common law fraud claim against the VICIS Defendants is not barred. However, although the Court is providing Plaintiffs an opportunity to amend this claim, the Court is unable to see how this claim, as it is currently alleged, applies to the VICIS Defendants, given the fact that they were not parties to the Merger Agreement and the claims, as currently alleged, predominantly relate to the agreement to pay Plaintiffs Amacore stock valued at $12,348,855.

**III. Count Three of the Complaint**

Count three of the complaint is a claim for breach of fiduciary duty against certain Defendants, including Stastney and Phillips. The elements of a breach of fiduciary duty action are (1) the existence of a fiduciary duty and (2) the breach of that duty that was the proximate cause of the plaintiff's damages. Collins v. Countrywide Home Loans, Inc., 2010 WL 55603, *7 (M.D. Fla. 2010) (citing Gracey v. Eaker, 837 So. 2d 348, 353 (Fla.2002)).

The VICIS Defendants move to dismiss this claim for its failure to state a claim against Stastney and Phillips.

As to Stastney and Phillips, count three merely alleges that they are Directors of Amacore. However, other than this specific, the claim lumps them together with the other Defendants in this claim, stating that they all breached their fiduciary duties to Plaintiffs by failing to pay $12,348,855 in Amacore stock pursuant to the Merger Agreement, and by allegedly diluting the value of the Amacore stock Plaintiffs were supposed to receive. It is unclear, however, when Stastney and Phillips became Directors of Amacore and how they were specifically involved in the negotiation or performance of the Merger Agreement. Moreover, it is entirely unclear what fiduciary duty they owe to Plaintiffs other than the vague reference to their being Directors of Amacore. Simply put, this claim is insufficient to state a claim against Stastney and Phillips.

Accordingly, the VICIS Defendants' motion to dismiss count three is granted without prejudice to Plaintiffs to amend this claim. Importantly, Plaintiffs shall not lump together Stastney and Phillips with the other Defendants and must identify the source of their alleged fiduciary duties to Plaintiffs.

**IV.    Count Five of the Complaint**

Count five of the complaint is a claim for unjust enrichment against many of the Defendants, including Stastney. The VICIS Defendants argue that this claim should be dismissed because Plaintiffs also allege that a valid contract exists and that, under Florida law, an express contract precludes a claim for unjust enrichment. The Court disagrees. First,

the complaint does not allege that a contract exists between Stastney and Plaintiffs. Moreover, although the VICIS Defendants are correct that a plaintiff cannot recover under both unjust enrichment and breach of contract, both the Federal Rules of Civil Procedure and Florida law permit a party to allege these claims in the alternative. See Fed.R.Civ.P. 8(a)(1); Shibata v. Lim, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

Although the Court will not dismiss this count on these grounds, the Court concludes that this claim does not identify how the elements of unjust enrichment apply to Stastney. Indeed, as has been the issue with the previous claims discussed herein, the claim lumps all of the Defendants together and merely states that the "Defendants are possession [sic] of funds, assets, property and proprietary information belonging to the Plaintiffs" and that "Plaintiffs received no benefit from the Defendants to justify their receipt and retention of the funds, assets, property and proprietary information." (Dkt. 1). This is vague and does not comport with Iqbal, which makes it clear that absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Iqbal, 129 S.Ct. at 1949. Accordingly, count five is dismissed without prejudice to Plaintiffs to amend.

## V. Count Six of the Complaint

Count six of the complaint is a claim against numerous Defendants, including Stastney, for breach of the covenant of good faith and fair dealing. The VICIS Defendants argue that Plaintiffs cannot state a claim against any of them because none of them is a party to the Merger Agreement and, thus, they are not governed by the implied covenant of good faith and fair dealing. The Court agrees. Florida contract law recognizes the implied

covenant of good faith and fair dealing in every contract. Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999); Barnes v. Burger King Corp., 932 F. Supp. 1420, 1438 (S.D. Fla. 1996); County of Brevard v. Miorelli Eng'g, Inc., 703 So. 2d 1049, 1050 (Fla. 1997). This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." Barnes, 932 F. Supp. at 1438 (emphasis added).

Here, Plaintiffs cannot assert a claim under the implied covenant of good faith and fair dealing against the VICIS Defendants because they were not a party to the Merger Agreement. Accordingly, this claim must be dismissed with prejudice.

## VI. Count Seven of the Complaint

Count seven of the complaint is a claim that Defendants, including Stastney, are liable for engaging in deceptive trade practices under the New Jersey Consumer Fraud Act (NJCFA). The VICIS Defendants argue that this claim must fail because Plaintiffs are not "consumers" under the act and New Jersey law is clear that shares of stock and other securities are not considered "merchandise" under the NJCFA. The Court agrees. Plaintiffs' claim that they are entitled to shares of Amacore stock under the Merger Agreement is not covered by the NJCFA because New Jersey courts have held that fraud in the sale of shares of stock is not within the compass of the NJCFA. See Stella v. Dean Witter Reynolds, Inc., 241 N.J.Super. 55, 75 (N.J. Super. Court. App. Div. 1990); see also Lee v. First Union Nat. Bank,199 N.J. 251, 259 (N.J. 2009); Worldwide Labor Support of Illinois, Inc. v. Cura Group, Inc., 2009 WL 961485, *12 (D.N.J. 2009).

Accordingly, count seven of the complaint must be dismissed with prejudice.

## VII. Count Eight of the Complaint

Count eight of the complaint is a claim for conversion against numerous Defendants, including Stastney and Phillips. A claim for conversion has three elements: (1) act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. North American Clearing, Inc. v. Brokerage Computer Systems, Inc., 2009 WL 2982834, *7 (M.D. Fla. 2009). The VICIS Defendants argue that this claim must be dismissed because Plaintiffs have not alleged that Stastney or Phillips have Amacore stock or any other assets in their possession, that they in any way "exercised dominion" over Plaintiffs' property, or that they directed anyone else to exercise dominion over Plaintiffs' property.

The Court agrees. Although it appears that this claim is more about property allegedly belonging to Plaintiffs, such as software and proprietary information, rather than Amacore stock, there is no allegation that Stastney or Phillips have any of Plaintiffs' property in their possession. Again, they appear to be lumped in with other Defendants who had more involvement in the transaction involving the Merger Agreement. Accordingly, this claim must be dismissed without prejudice to Plaintiffs to amend this claim to specifically address how this claim relates to Stastney and Phillips.

## VIII. Count Twelve of the Complaint

The VICIS Defendants lastly argue that Plaintiffs have failed to state a claim in count twelve of the complaint to pierce Amacore's corporate veil. Plaintiffs argue in response that count twelve is not meant to be a separate claim, but is merely in the complaint to place

Defendants on notice that Plaintiffs will seek to pierce Amacore's corporate veil at trial or at some later point. Accordingly, since this was not intended to be a claim at this stage, the Court dismisses count twelve of the complaint without prejudice to Plaintiffs to move to amend their complaint to add such a claim if it becomes relevant.

## IX. VICIS Capital Master Fund, LLC

The VICIS Defendants point out in their motion to dismiss that VICIS Capital Master Fund, LLC, as it is named in the complaint, does not actually exist and relies on an affidavit to support same. Notably, Plaintiffs do not respond to this argument at all in their response. However, since it would be inappropriate for the Court to consider an affidavit on this issue at the motion to dismiss stage, the Court will not dismiss VICIS Capital Master Fund, LLC at this point. This issue can be raised on a motion for summary judgment.[3]

Lastly, because the Court has ruled upon the issues contained in the VICIS Defendants' motion to dismiss, their request to reconsider the New Jersey District Court's order, which denied as moot and without prejudice their previous motion to dismiss, is no longer at issue.

It is therefore ORDERED AND ADJUDGED that:

1. VICIS Capital, LLC, VICIS Capital Master Fund, LLC, Shad Stastney, and Chris Phillips' (collectively, the "VICIS Defendants") Motion to Dismiss (Dkt. 46) is hereby **GRANTED**.

---

[3] Of course, it would behoove Plaintiffs to correct any mistaken identity with this particular entity as soon as possible.

2. Counts one and two are dismissed without prejudice to Plaintiffs to amend these claims within fourteen (14) days from the date of this Order.

3. Count three is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

4. Count five is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

5. Count six is dismissed with prejudice.

6. Count seven is dismissed with prejudice.

7. Count eight is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

8. Count twelve is dismissed without prejudice to Plaintiffs to file a timely motion to amend their complaint to add a petition to pierce Amacore's corporate veil, if such a claim becomes relevant.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.VICISDefsM2Dismiss.frm