# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

**v.**                                                       **Case No. 8:09-cv-2562-T-30MAP**

**AMACORE GROUP, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants The Amacore Group, Inc., Jay Shafer, and Jerry Katzman's Renewal of their Motion to Dismiss (Dkt. 81) and Plaintiffs' Brief in Opposition to same (Dkt. 91). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

This case arises from a dispute related to a merger/sale agreement (the "Merger Agreement") entered into between The Amacore Group, Inc. ("Amacore"), LBS Acquisition Corp., and Lifeguard Benefit Services, Inc. ("Lifeguard") in which Plaintiffs were to receive $12,348,855 of Amacore stock.[1] Specifically, to facilitate the taking over of the assets of Lifeguard, an entity in which Plaintiffs each had an ownership share, Amacore decided to form a corporation which would be a wholly owned subsidiary of Amacore. Thereafter, the

---

[1] Notably, Plaintiffs do not attach a copy of the Merger Agreement to their complaint.

wholly owned subsidiary would merge with Lifeguard, with Lifeguard being the surviving entity. In exchange for agreeing to merge in that fashion, the existing Lifeguard shareholders, i.e., Plaintiffs, would be issued shares of stock from Amacore and Amacore would pay off Lifeguard's existing debt.

According to the complaint, Jay Shafer ("Shafer") is the President and Chief Executive Officer of Amacore. Shafer is also a shareholder and director of Amacore. According to the complaint, Jerry Katzman ("Katzman") was a director of Amacore. Plaintiffs allege that Defendants made purposeful misrepresentations during the course of the negotiation and ultimate consummation of the merger between Amacore and Lifeguard. The complaint also states that members of Amacore's Board of Directors, including Shafer and Katzman, participated in the decision not to issue the shares of stock owed to Plaintiffs pursuant to the Merger Agreement. The complaint also states that the adjustment date that was to be used to calculate the amount of stock owed to Plaintiffs was April 5, 2009, and that Amacore failed to issue the stock it owes to Plaintiffs pursuant to the Merger Agreement.

Plaintiffs originally filed this action in the United States District Court for the District of New Jersey. Amacore, Shafer, and Katzman (collectively, "Defendants")filed a motion to dismiss, or in the alternative, to transfer venue to the Middle District of Florida. The court granted the motion to transfer and denied, without prejudice, the motion to dismiss with leave to refile it in this Court.

This case was then transferred to this Court and the Court consolidated this case with a similar case pending before it, which was filed, in part, by Amacore against Plaintiffs pursuant to the same Merger Agreement. The parties agreed that Amacore's claims against Plaintiffs would be filed in this action as a counterclaim, if Amacore decided to file a counterclaim.[2] On the same day that the Court granted the motions to consolidate, the Court granted Defendants' motion for reconsideration of the motion to dismiss they had filed in the New Jersey District Court, and provided Defendants with ten (10) days to renew their motion to dismiss.

Subsequently, and after multiple extensions from the Court, Defendants filed a counterclaim and renewed their motion to dismiss, which is currently at issue. Defendants move to dismiss the following counts: count one (fraud in the inducement); count two (common law fraud); count three (breach of fiduciary duty); count four (breach of contract); count five (unjust enrichment); count six (breach of the covenant of good faith and fair dealing); count seven (violation of New Jersey's Consumer Fraud Act); count eight (conversion); count nine (declaratory judgment); count ten (fraud in the inducement: employment agreement); count eleven (breach of employment agreement); and count twelve (petition to pierce Amacore's corporate veil). As set forth in more detail herein, the Court concludes that some of these claims should be dismissed.

---

[2] At the hearing on the motions to consolidate, Amacore's counsel represented that Amacore might not pursue a counterclaim.

# DISCUSSION

## I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II. Defendants' Argument that the Merger Agreement Precludes Counts Three Through Nine

Defendants argue, as an initial point, that Article VIII of the Merger Agreement precludes counts three through nine, because it states "[e]xcept as to claims based upon fraud, the sole recourse and exclusive remedy of Parent and Stockholders against each other . . . shall be to assert a claim for indemnification." Defendants point out that Plaintiffs do not assert a claim for indemnification, and that counts three through nine arise under the Merger Agreement and are not based upon fraud.

The Court concludes that it would be inappropriate to dismiss these claims at this stage based on this brief language in the Merger Agreement. First, as Plaintiffs point out, Defendants make this argument despite the fact that their counterclaim includes similar causes of actions against Plaintiffs, arising under the same Merger Agreement. Moreover, at the motion to dismiss stage, Plaintiffs' claims must be assumed to be true, and Plaintiffs' claims contain allegations that are rooted upon Defendants' alleged fraud. Thus, there would be a potential question as to whether Article VIII precludes some of these claims, because it contains the exception as to claims *based upon* fraud. Plaintiffs argue that there is also an issue as to whether the Merger Agreement is even valid in light of Defendants' fraudulent activity. At the motion to dismiss stage, the Court similarly cannot analyze the validity of the Merger Agreement.

Defendants' argument is more appropriate for a motion for summary judgment, after discovery on these issues. Accordingly, Defendants' motion to dismiss counts three through nine on these grounds must be denied.

### III.    Counts One and Two of the Complaint

Counts one and two of the complaint are fraud claims against Defendants. Specifically, count one is a claim for fraudulent inducement and count two is a claim for common law fraud. Defendants move to dismiss these claims because they do not contain sufficient particularity required under Fed. R. Civ. P. 9(b). The Court agrees that these claims fall short of meeting the particularity requirement of Rule 9(b) as to Defendant Katzman. There are insufficient allegations identifying how Katzman was involved in the alleged fraud.

However, there are numerous allegations describing the alleged fraudulent activity of Amacore and Shafer. For example, Plaintiffs allege that Shafer conducted virtually all of the negotiations with Lifeguard and that Shafer and Amacore informed Ty Bruggemann ("Bruggemann") that Amacore was in separate negotiations with at least two national banks for client benefit contracts which would greatly increase Amacore's revenue and profitability. Plaintiffs further allege that Shafer and Amacore informed Bruggemann that it was necessary to consummate the merger/sale agreement immediately because the national clients required the acquisition of a turn-key administrative operation such as Lifeguard in order to ensure that Amacore could adequately handle the pending contracts. Subsequently, Plaintiffs discovered that Amacore never had the ability to bring the alleged national clients

to Amacore. Plaintiffs state that they never would have entered into the Merger Agreement if they had known that the purported negotiations with the banks did not occur. Plaintiffs also include the allegations that Shafer and Amacore made representations concerning the amount of revenue Amacore would have post merger/sale, which were false, and that Shafer misrepresented prior to the merger that he was bringing to Amacore 92% of the business from a company called Protective Marketing Enterprises.

Accordingly, Defendants' motion to dismiss is granted with respect to Katzman, without prejudice to Plaintiffs to amend. Importantly, Plaintiffs must specifically identify the who, what, when, where, and how of the alleged fraudulent acts on the part of Katzman.

Defendants also argue that the economic loss doctrine bars Plaintiffs' claim for common law fraud. The Court agrees that the economic loss doctrine bars Plaintiffs' claim for common law fraud against Amacore. The economic loss doctrine prevents a plaintiff from recovering in tort for economic losses flowing from a contract. *Indemnity Ins. Co. Of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). Importantly, there must be privity of contract between the parties in order for the economic loss doctrine to apply. Id. at 536-37. Here, there is no privity of contract alleged between Plaintiffs and Katzman or Shafer. Accordingly, the common law fraud claim against Katzman and Shafer are not barred under this theory.

Amacore, however, is a party to the Merger Agreement and the common law fraud claim against Amacore directly relates to economic losses flowing from the Merger Agreement. The claim does not allege a fraudulent scheme or act separate and apart from

losses flowing from the Merger Agreement or claims of fraudulent inducement. Accordingly, Defendants' motion to dismiss count two is granted as to Amacore to the extent that the allegations are duplicative of the breach of contract claim and fraudulent inducement claim. Plaintiffs may amend this claim if they can allege a fraudulent scheme separate and apart from the other claims they assert against Amacore.

To summarize the Court's holding as to counts one and two: (1) counts one and two are dismissed with leave to amend solely as to Katzman for Plaintiffs' failure to plead any fraud on the part of Katzman with particularity; and (2) count two is dismissed with leave to amend as to Amacore.

## IV. Count Three of the Complaint

Count three of the complaint is a claim for breach of fiduciary duty against Defendants. The elements of a breach of fiduciary duty action are (1) the existence of a fiduciary duty and (2) the breach of that duty that was the proximate cause of the plaintiff's damages. *Collins v. Countrywide Home Loans, Inc.*, 2010 WL 55603, *7 (M.D. Fla. 2010) (*citing Gracey v. Eaker,* 837 So. 2d 348, 353 (Fla.2002)). Defendants move to dismiss this claim for its failure to state a claim.

The Court agrees that this claim should be dismissed as to Defendants because Plaintiffs fail to allege the existence of a fiduciary duty. Specifically, Plaintiffs allege that Katzman and Shafer, as officers and directors of Amacore, breached their fiduciary duties to Plaintiffs by failing to pay $12,348,855 in Amacore stock pursuant to the Merger Agreement, and by allegedly diluting the value of the Amacore stock Plaintiffs were

supposed to receive. It is unclear, however, what fiduciary duty Defendants owe to Plaintiffs other than the vague reference to their being officers or directors of Amacore. Simply put, this claim is insufficient to state a claim against Defendants.

Accordingly, Defendants' motion to dismiss count three is granted without prejudice to Plaintiffs to amend this claim. Importantly, Plaintiffs must identify the source of Defendants' alleged fiduciary duties to Plaintiffs.

**V.      Count Five of the Complaint**

Count five of the complaint is a claim for unjust enrichment against Defendants. Defendants argue that this claim should be dismissed because Plaintiffs also allege that a valid contract exists and that, under Florida law, an express contract precludes a claim for unjust enrichment. The Court disagrees. First, the complaint does not allege that a contract exists between Plaintiffs and Katzman or Plaintiffs and Shafer. Moreover, although Defendants are correct that a plaintiff cannot recover under both unjust enrichment and breach of contract, both the Federal Rules of Civil Procedure and Florida law permit a party to allege these claims in the alternative. *See* Fed.R.Civ.P. 8(a)(1); *Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). Thus, Plaintiffs can allege an unjust enrichment claim and a breach of contract claim against Amacore.

Although the Court will not dismiss this count on these grounds, the Court concludes that this claim does not identify how the elements of unjust enrichment apply to Katzman and Shafer. Indeed, the claim lumps all of the Defendants together, except for Amacore, and merely states that the "Defendants are possession [sic] of funds, assets, property and

proprietary information belonging to the Plaintiffs" and that "Plaintiffs received no benefit from the Defendants to justify their receipt and retention of the funds, assets, property and proprietary information." (Dkt. 1). This is vague and does not comport with Iqbal, which makes it clear that absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 129 S.Ct. at 1949.

Accordingly, count five is dismissed without prejudice solely as to Katzman and Shafer. The Court concludes that the claim is sufficient as to Amacore.

## VI.    Count Six of the Complaint

Count six of the complaint is a claim against Defendants for breach of the covenant of good faith and fair dealing. Katzman and Shafer argue that Plaintiffs cannot state a claim against them because they were not a party to the Merger Agreement and, thus, they are not governed by the implied covenant of good faith and fair dealing. The Court agrees. Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1315 (11th Cir. 1999); *Barnes v. Burger King Corp.,* 932 F. Supp. 1420, 1438 (S.D. Fla. 1996); *County of Brevard v. Miorelli Eng'g, Inc.,* 703 So. 2d 1049, 1050 (Fla. 1997). This covenant is intended to protect "the reasonable expectations of the *contracting parties in light of their express agreement*." *Barnes,* 932 F. Supp. at 1438 (emphasis added).

Here, Plaintiffs cannot assert a claim under the implied covenant of good faith and fair dealing against Katzman and Shafer because they were not a party to the Merger Agreement.

Accordingly, Defendants' motion to dismiss this count must be granted as to Katzman and Shafer with prejudice.

## VII. Count Seven of the Complaint

Count seven of the complaint is a claim that Defendants are liable for engaging in deceptive trade practices under the New Jersey Consumer Fraud Act (NJCFA). As previously stated by the Court in its Order granting the VICIS Defendants' motion to dismiss (Dkt. 69), Plaintiffs' claim that they are entitled to shares of Amacore stock under the Merger Agreement is not covered by the NJCFA because New Jersey courts have held that fraud in the sale of shares of stock is not within the compass of the NJCFA. *See Stella v. Dean Witter Reynolds, Inc.*, 241 N.J.Super. 55, 75 (N.J. Super. Court. App. Div. 1990); *see also Lee v. First Union Nat. Bank*, 199 N.J. 251, 259 (N.J. 2009); *Worldwide Labor Support of Illinois, Inc. v. Cura Group, Inc.*, 2009 WL 961485, *12 (D.N.J. 2009).

Accordingly, count seven of the complaint must be dismissed with prejudice.

## VIII. Count Eight of the Complaint

Count eight of the complaint is a claim for conversion against Defendants Amacore and Shafer. A claim for conversion has three elements: (1) act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *North American Clearing, Inc. v. Brokerage Computer Systems, Inc.*, 2009 WL 2982834, *7 (M.D. Fla. 2009). Shafer argues that this claim must be dismissed against him because Plaintiffs have not alleged that Shafer has Amacore stock or any other assets in his possession, that he

in any way "exercised dominion" over Plaintiffs' property, or that he directed anyone else to exercise dominion over Plaintiffs' property.

The Court agrees. Although it appears that this claim is more about property allegedly belonging to Plaintiffs, such as software and proprietary information, rather than Amacore stock, there is no allegation that Shafer has any of Plaintiffs' property in his possession. Accordingly, this claim must be dismissed solely as to Shafer without prejudice to Plaintiffs to amend this claim to specifically address how this claim relates to Shafer.

## IX. Count Ten of the Complaint

Count ten of the complaint is a claim of fraud in the inducement with respect to an employment agreement allegedly entered into between Bruggemann and Amacore. The claim is against Amacore and Shafer. Defendants argue that the claim should be dismissed for failure to plead with particularity because the allegations do not identify "who" at Amacore made the alleged misrepresentations and the date, place, or time of the representations.

The Court agrees. Plaintiffs state that "The Defendants made false statements that they would enter into an employment agreement with TY BRUGGEMANN should the merger/sale occur" (Dkt. 1). Plaintiffs lump the Defendants together, without identifying who said what or any other particularity regarding the alleged misrepresentations. This is insufficient to state a claim under Fed. R. Civ. P. 9 and *Iqbal.*

Accordingly, Defendants' motion to dismiss count ten is granted and count ten is dismissed without prejudice to Plaintiffs to amend.

**X.     Count Eleven of the Complaint**

Count eleven of the complaint is a claim against Amacore for breach of Bruggemann's employment agreement with Amacore. Defendants appear to argue that the Court must dismiss this claim because an employment agreement does not exist between Amacore and Bruggemann. However, Defendants assert a similar claim for breach against Bruggemann in their counterclaim. Surely, Defendants cannot argue that an employment agreement does not exist under these circumstances.

Accordingly, Defendants' motion to dismiss count eleven is denied.

**XI.    Count Twelve of the Complaint**

Defendants lastly argue that Plaintiffs have failed to state a claim in count twelve of the complaint to pierce Amacore's corporate veil. Plaintiffs argue in response that count twelve is not meant to be a separate claim, but is merely in the complaint to place Defendants on notice that Plaintiffs will seek to pierce Amacore's corporate veil at trial or at some later point. Accordingly, since this was not intended to be a claim at this stage, the Court dismisses count twelve of the complaint without prejudice to Plaintiffs to move to amend their complaint to add such a claim if it becomes relevant.

**XII.   Defendants' Argument Regarding Service**

It is unclear whether Defendants are renewing their argument regarding insufficient service of process. However, even if Defendants attempted to assert this argument, the Court concludes that such an argument would be waived. As set forth herein, this action was consolidated with a previous action before this Court that was brought by Defendants against

Plaintiffs. Having consolidated the actions, any argument at this late stage that Amacore has not been property served would be disingenuous.

Lastly, Plaintiffs appear to believe that Defendants waived their right to respond to the complaint, because their counterclaim did not include any response to Plaintiffs' claims and was filed prior to Defendants' renewed motion to dismiss. The Court notes, however, that Defendants' original motion to dismiss was filed prior to Defendants' counterclaim and serves as Defendants' response to Plaintiffs' complaint. Thus, Plaintiffs' argument in favor of an admission of Plaintiffs' claims against Defendants is utterly devoid of merit. This is especially true given the Court's Order to Defendants to file their counterclaim in this case after the consolidation of the two cases.

The Court does point out, though, that it appears that Defendants Clark A. Marcus, Giuseppe Crisafi, and Guy Norberg failed to file any response to Plaintiffs' complaint. Because this issue is not specifically before the Court, the Court will refrain from concluding whether their failure to respond in any way constitutes an admission of the claims against them.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants The Amacore Group, Inc., Jay Shafer, and Jerry Katzman's Renewal of their Motion to Dismiss (Dkt. 81) is hereby **GRANTED in part and DENIED in part**.

2. Counts one and two against Katzman are dismissed without prejudice to Plaintiffs to amend these claims within fourteen (14) days from the date of this Order.

3. Count two is dismissed without prejudice as to Amacore. Plaintiffs have fourteen (14) days from the date of this Order to amend this claim to plead a fraud claim separate and apart from the breach of contract claim and the fraudulent inducement claim.

4. Count three against Katzman, Shafer, and Amacore is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

5. Count five against Katzman and Shafer is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

6. Count six against Katzman and Shafer is dismissed with prejudice.

7. Count seven against Katzman, Shafer, and Amacore is dismissed with prejudice.

8. Count eight against Shafer is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

9. Count ten against Shafer and Amacore is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

10. Count twelve is dismissed without prejudice to Plaintiffs to file a timely motion to amend their complaint to add a petition to pierce Amacore's corporate veil, if such a claim becomes relevant.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.DefsRenewedM2Dismiss.wpd