**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

**v.**                                             Case No. 8:09-cv-2562-T-30MAP

**THE AMACORE GROUP, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for the Entry of a Clerk's Default as to Defendants Clark A. Marcus, Giuseppe Crisafi, and Guy Norberg (Dkt. 100) and Special Appearance of Clark A. Marcus ("Marcus"), Giuseppe Crisafi ("Crisafi"), and Guy Norberg ("Norberg") in Opposition to same (Dkt. 103). Upon review of the motion, response, and being otherwise advised of the premises, the Court concludes that the motion should be denied.

Plaintiffs' motion fails to indicate whether Marcus, Crisafi, and Norberg were ever served with the summons and complaint in this action. And there are no returns of summons executed as to these Defendants filed anywhere in the record. Moreover, these Defendants indicate in their response to the motion that they were never served with a copy of the summons, together with a copy of Plaintiffs' complaint, which was originally filed on June

8, 2009, and that more than 120 days from the date of the original filing of the complaint has passed.[1]

As it appears from the record before the Court that service of process was not effected as to Marcus, Crisafi, and Norberg, Plaintiffs' motion for entry of a clerk's default against these Defendants must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion for the Entry of a Clerk's Default as to Defendants Clark A. Marcus, Giuseppe Crisafi, and Guy Norberg (Dkt. 100) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 16, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.mtclerk'sdefault.frm

---

[1] Marcus, Crisafi, and Norberg simultaneously filed a motion to dismiss the complaint (Dkt. 102) based on the fact that they have not been served, and that more than 400 days have passed since the filing of Plaintiffs' original complaint. The Court will refrain from ruling on this motion until Plaintiffs have had the opportunity to respond as permitted by the rules of civil procedure and the Court's local rules. The Court notes, however, that it will not entertain any argument that the case management report, which, according to Defendants' counsel, erroneously indicated that Angelina Whittington, Esq. represented *all of the* Defendants in this case, constitutes an appearance on behalf of Marcus, Crisafi, and Norberg. These Defendants should have been served in accordance with the rules of civil procedure, or Plaintiffs should have obtained a waiver of service. There is no authority to suggest that a typographical error in a parties' case management report is sufficient as an appearance on behalf of a non-served Defendant.