**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TY BRUGGEMANN, et al.,**

**Plaintiffs,**

**v.** **Case No. 8:09-cv-2562-T-30MAP**

**THE AMACORE GROUP, INC., et al.,**

**Defendants.**

______________________________________/

# ORDER

THIS CAUSE comes before the Court upon Specially Appearing Defendants Clark A. Marcus, Giuseppe Crisafi, and Guy Norberg's Motion to Dismiss for Plaintiffs' Failure to Serve Process and Incorporated Memorandum of Law (Dkt. 102), Plaintiffs' Opposition to Same (Dkt. 110), and Defendant Guy Norberg's Motion to Quash Service of Process (Dkt. 116). The Court, having reviewed the motions, response, and being otherwise advised in the premises, concludes that the motion to dismiss for failure to serve process and the motion to quash service of process should be denied.

This case has been nothing short of litigious. The parties have filed numerous motions which have caused delays in the proceeding of this case on the merits. Now, the parties are again bickering about whether Defendants Clark A. Marcus ("Marcus"), Giuseppe Crisafi ("Crisafi"), and Guy Norberg ("Norberg") (collectively, "Defendants"), were ever properly served in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Defendants argue that they were never served with the complaint or summons, which were filed on June 8, 2009, more than one year ago. Plaintiffs counter that they were under the impression that Angelina M. Whittington ("Whittington"), counsel for Defendants The Amacore Group, Inc., Jay Shafer, and Jerry Katzman (collectively, the "Served Defendants"), voluntarily agreed to represent Marcus, Crisafi, and Norberg.[1]

Rather than discuss the correspondence between counsel for Plaintiffs and Whittington and make any findings as to the representations contained therein, the Court concludes that there will be no prejudice to the parties if the time is extended to allow Plaintiffs to attempt service on Defendants. Although the complaint was filed more than one year ago, the motion practice between the parties and their numerous disagreements have delayed this case to the point that the Served Defendants' answer was just filed on August 18, 2010. Thus, this case is still in its infancy.

The Court now turns to a few arguments made by the parties. As to Plaintiffs' argument that it should be able to serve Marcus by publication due to their belief that he is residing in Italy, Florida law does not permit service by publication for the claims asserted against Marcus. *See Zieman v. Cosio*, 578 So. 2d 332, 332-33 (Fla. 3d DCA 1991) (noting that Florida's publication statute does not cover an action for money damages); *New England Rare Coin Galleries, Inc. v. Robertson*, 506 So. 2d 1161. 1162 (Fla. 3d DCA 1987) (noting

[1] Subsequent to the filing of the motion to dismiss for failure to effect service, Norberg was served on July 27, 2010, which is the subject of his motion to quash.

that Florida's publication statute does not cover claims for breach of contract, fraud, and negligent misrepresentation).

The Court notes that it would behoove Whittington, counsel for the Served Defendants, to accept service on behalf of Defendants, as any delay in service will ultimately delay this case.

Lastly, Norberg argues in his motion to quash that the recent service attempted on him on July 27, 2010, should be quashed, because the service was ineffective. Specifically, Norberg points out that the summons was incorrectly issued from the District of New Jersey and improperly attached the New Jersey complaint.[2] Although the Court agrees that this is technically incorrect, because the summons and complaint should have been issued by the Middle District of Florida, Norberg has not shown how he is prejudiced by this noncompliance. And dismissal based on technical errors in the summons and/or complaint is generally not warranted unless the moving party shows some form of prejudice. *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900-01 (11th Cir.1990).

In *Sanderford,* the Eleventh Circuit affirmed the judgment of the district court finding that the court had personal jurisdiction over the defendant although the summons served had a technical error. *Id.* at 901. The summons in that case did not contain the return date for the responsive pleading. *Id.* at 900. However, the defendant was aware of the claim against him and received notice of a possible default judgment. *Id.* at 901. The Eleventh Circuit

[2] This case originated in New Jersey, so, presumably, Plaintiffs incorrectly served the original summons and complaint filed before that court.

held that the defendant in that case did not meet its burden of proving prejudice based on the defect in the process. *Id.*; *see also Brown v. Hillsborough Area Regional Transit*, 2010 WL 455310, at *3 (M.D. Fla. Feb. 3, 2010).

The correspondence between the parties indicates that Norberg knew by December 2009, at the latest, that this case was pending in the Middle District of Florida and that Plaintiffs requested Whittington to accept service on his behalf. Thus, any technical errors in the summons and/or complaint did not prejudice him. Moreover, as set forth herein, the delay of more than one year since the filing of the complaint does not prejudice Norberg because the case is still in its infancy.

The central purpose of service of process is "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). Given the history of this case, this central purpose has been met despite the deficiencies in the summons and complaint. Accordingly, Norberg's motion to quash will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Specially Appearing Defendants Clark A. Marcus, Giuseppe Crisafi, and Guy Norberg's Motion to Dismiss for Plaintiffs' Failure to Serve Process and Incorporated Memorandum of Law (Dkt. 102) is hereby DENIED.

2. Plaintiffs are granted sixty (60) days from the date of this Order to attempt service on Marcus and Crisafi, assuming counsel for the Served Defendants does not agree to accept service on their behalf.

3. Defendant Guy Norberg's Motion to Quash Service of Process (Dkt. 116) is hereby DENIED. Norberg has twenty (20) days from the date of this Order to file a response to the complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.mtdismiss4serviceissues.frm