**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

v.                                                         Case No.  8:09-cv-2562-T-30MAP

**THE AMACORE GROUP, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Guy Norberg's Motion to Dismiss the Complaint and Incorporated Memorandum of Law (Dkt. 119), Plaintiffs' Brief in Opposition (Dkt. 121), Defendant Guy Norberg's Motion to Extend the Fact Discovery Deadline and Incorporated Memorandum of Law (Dkt. 122), and Plaintiffs' Opposition (Dkt. 123).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that the motion to dismiss should be granted and the motion to extend the fact discovery deadline should be denied as moot.

The Court issued two previous Orders on two prior motions to dismiss filed by other Defendants in this case (*see* Dkts. 69 and 97).  Thus, the background of this case and an explanation of Plaintiffs' claims do not bear repeating.  Nor does it bear repeating the legal elements of Plaintiffs' claims and the standard of review for a motion to dismiss.  Indeed, Defendant Guy Norberg's motion to dismiss is virtually identical to the motion to dismiss previously filed by Defendant Jerry Katzman.  Accordingly, for the same reasons as stated in the Order granting Jerry Katzman's motion to dismiss (*see* Dkt. 97), the Court grants Guy Norberg's motion to dismiss as to Counts 1-3, 5-7, and 12 of Plaintiffs' complaint.  The

Court also grants Guy Norberg's motion to dismiss as to Count 9 given its lack of specificity and failure to allege any facts demonstrating how the declaratory action applies to Guy Norberg.

Given the Court's ruling granting Guy Norberg's motion to dismiss, the Court denies Guy Norberg's motion for an extension of the fact discovery deadline as moot.

It is therefore ORDERED AND ADJUDGED that:

1. Guy Norberg's Motion to Dismiss the Complaint and Incorporated Memorandum of Law (Dkt. 119) is hereby GRANTED.

2. Counts 1, 2, 3, and 5 are dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

3. Counts 6 and 7 are dismissed with prejudice.

4. Count 9 is dismissed without prejudice to Plaintiffs to amend this claim within fourteen (14) days from the date of this Order.

5. Count 12 is dismissed without prejudice to Plaintiffs to file a timely motion to amend their complaint to add a petition to pierce Amacore's corporate veil, if such a claim becomes relevant.

6. Defendant Guy Norberg's Motion to Extend the Fact Discovery Deadline and Incorporated Memorandum of Law (Dkt. 122) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.DKT119NorbergM2D.frm