**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

v.                                                                    Case No.  8:09-cv-2562-T-30MAP

**THE AMACORE GROUP, INC., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Alternative Service upon Defendant Clark A. Marcus, Esq. (Dkt. 127) and Specially Appearing Defendant Clark A. Marcus' Opposition to Plaintiffs' Motion for Alternative Service (Dkt. 130).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be granted to the extent that the Court will allow Plaintiffs to serve Defendant Clark A. Marcus, Esq. ("Marcus") by publication.

## DISCUSSION

This is the second time that the issue of service upon Marcus has been before this Court.  The Court previously granted Plaintiffs an additional sixty (60) days to attempt service on Marcus, because they were notified that he was in Italy.  During those sixty days, the record reflects that Marcus returned from Italy and has evaded service at his residence in Tampa.  The record reflects numerous attempts to serve Marcus at his home. Indeed, one process server stated that Marcus is an "[o]bvious avoider of service." (Dkt 127-1).  The Court finds these facts particularly egregious in light of the Court's previous urging to

Marcus' counsel, who represents the served Defendants in this case, to accept service on Marcus' behalf. (*see* Dkt. 117).

This has escalated to the point of Marcus filing a lawsuit against one of the process servers for alleged civil trespass, intentional infliction of emotional distress, defamation per se, civil assault, stalking, and abuse of power. Marcus' complaint against this process server demonstrates that he is aware that she was attempting to serve him with the summons and complaint in this case. These facts, combined with his counsel's representations to Plaintiffs' counsel that she is representing Marcus and the e-mails from Marcus' counsel to Plaintiffs' counsel, which indicate Marcus' knowledge of this case and even reflect his position in this case, make it clear that he has been on notice of this case. And any argument on his part that alternative service against him at this late stage of the case would prejudice him is completely without merit. Marcus' actions of evading service and his counsel's failure to accept service on his behalf are causing delays in this case and are only adding to his attorney's fees.

In light of these facts, although the Court finds it completely unnecessary, from a practical standpoint, for Marcus to be "served" given all the evidence pointing to his notice of this case, the Court concludes that, under Florida law, service has not been perfected on Marcus. However, the facts do demonstrate that service by publication is an appropriate next step, given Marcus' attempts to evade service. Although the Court previously stated that service by publication was not appropriate in a damages case like this one, there is an exception when a plaintiff demonstrates that a party has been concealing his or her whereabouts. *See Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 8:09-cv-1129-T-24 MAP, 2010 WL 118210 (M.D. Fla. Jan. 8, 2010); Fla. Stat. §49.021.

Plaintiffs' counsel's affidavit and the documents attached to same are sufficient to meet this standard. *Id.*

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Alternative Service upon Defendant Clark A. Marcus, Esq. (Dkt. 127) is hereby GRANTED to the extent that Plaintiffs have sufficiently demonstrated that constructive service of process under Florida law is necessary because Defendant Clark A. Marcus, Esq. has attempted to evade service and conceal his whereabouts in order to avoid actual service.

2. Plaintiffs shall file within five (5) days from the date of this Order a proposed Notice of Action, which would appear in the St. Petersburg Times (one of the main newspapers in Hillsborough County wherein Marcus was last known to reside). *See Emerald Star Casino & Resorts, Inc.*, 2010 WL 118210, at *1.

3. Upon receipt of the proposed Notice of Action, the Court will direct the Clerk to issue the Notice of Action as to Defendant Clark A. Marcus, Esq.

**DONE** and **ORDERED** in Tampa, Florida on November 4, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.Dkt127MtAltService.frm