# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TY BRUGGEMANN, et al.,**

    **Plaintiffs,**

**v.**           Case No.  8:09-cv-2562-T-30MAP

**THE AMACORE GROUP, INC., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Reconsideration (Dkt. 174) and Defendants' Motion to Strike (Dkt. 177). The Court, having considered the motions, responses, and being otherwise advised in the premises, concludes that the motion for reconsideration should be granted and the motion to strike should be denied.

## DISCUSSION

On February 4, 2011, Magistrate Judge Mark A. Pizzo (the "Magistrate Judge") denied Plaintiffs' Motion for Sanctions because it was filed outside the discovery period (Dkt. 172). Upon review of the record, the Court concludes that Plaintiffs' Motion for Sanctions should be considered on the merits.

The record reflects that Plaintiffs attempted to file motions to compel prior to the discovery cut-off period and these motions were denied by the Magistrate Judge without prejudice because the Magistrate Judge wanted the parties to confer further on the discovery disputes. Notably, the Magistrate Judge's most recent order denying Plaintiffs' discovery motion without prejudice was on October 29, 2010, which was already outside the October 26, 2010 discovery deadline. In that order, the Magistrate Judge stated "[t]o this end, I direct

the parties to meet either via telephone or in person in a good faith effort to narrow the issues before seeking Court intervention again." (Dkt. 129). That order did not mention the October 26, 2010 discovery deadline, which had already passed.

In light of all of these circumstances and this Court's preference that issues should be decided on the merits, the Court directs Defendants to respond to Plaintiffs' Motion for Sanctions by no later than Friday, March 11, 2011. The Court strongly believes that the case management deadlines should be adhered to. However, the Court will not tolerate one party's efforts to use those deadlines as a means to avoid supplementing deficient discovery responses.

The Court advises the parties that it would be to their benefit to resolve these issues without the Court's intervention. If they are unable to do so, the Court will consider the merits of the issues, including any baseless objections, and will strongly consider awarding sanctions.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion for Reconsideration (Dkt. 174) is hereby GRANTED.

2. Defendants' Motion to Strike (Dkt. 177) is hereby DENIED.

3. Defendants shall file a response to Plaintiffs' Motion for Sanctions (Dkt. 161) by no later than Friday, March 11, 2011.

**DONE** and **ORDERED** in Tampa, Florida on March 7, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.mtsat174and177.frm