## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### TAMPA DIVISION

**TY BRUGGEMANN, et al.,**

     **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　**Case No.  8:09-cv-2562-T-30MAP**

**THE AMACORE GROUP, INC., et al.,**

     **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon motions for summary judgment filed by Plaintiffs and Defendants Amacore, Marcus, and Shafer (Dkts. 178, 207, 208, and 213).  The Court, having reviewed the motions, the responses thereto, and the record evidence, concludes that the motions should be granted to the extent that the fraudulent inducement claims asserted by Plaintiffs Welch, Burton, Fleischer, and Johnson against Amacore, Marcus, and Shafer fail as a matter of law.  Summary judgment should also be granted in favor of Marcus on Plaintiffs' common law fraud claims.

## DISCUSSION

This case arises from a dispute related to a merger agreement (the "Merger Agreement") entered into between Defendant The Amacore Group, Inc. ("Amacore"), LBS Acquisition Corp. ("LBS"), a wholly-owned subsidiary of Amacore, and Lifeguard Benefit Services, Inc. ("Lifeguard").  LBS merged with and into Lifeguard.  Plaintiffs were all

Lifeguard shareholders.  During the time period leading up to the merger, Defendants Clark Marcus and Jay Shafer were Amacore officers.  Marcus was the chief executive officer of Amacore and Shafer was the president of Amacore.  According to Plaintiffs, they were to receive $12,348,855 of Amacore stock.

Specifically, to facilitate the taking over of the assets of Lifeguard, an entity in which Plaintiffs each had an ownership share, Amacore decided to form a corporation which would be a wholly owned subsidiary of Amacore.  Thereafter, the wholly owned subsidiary would merge with Lifeguard, with Lifeguard being the surviving entity.  In exchange for agreeing to merge in that fashion, the existing Lifeguard shareholders, i.e., Plaintiffs, would be issued shares of stock from Amacore and Amacore would pay off Lifeguard's existing debt.

The focus of this case is the parties' dispute related to the merger, with both sides suing each other over alleged fraud that occurred before and after the execution of the Merger Agreement.  The record reflects numerous material disputed facts related to alleged fraudulent statements that were made before the execution of the Merger Agreement. Plaintiffs allege that Defendants Amacore, Shafer, and Marcus made purposeful misrepresentations during the course of the negotiation and ultimate consummation of the merger between Amacore and Lifeguard.  Plaintiffs also allege that subsequent to the merger, Defendants failed to issue the shares of stock owed to Plaintiffs pursuant to the Merger Agreement.

Plaintiffs originally filed this action in the United States District Court for the District of New Jersey.  This case was then transferred to this Court and the Court consolidated this

case with a similar case pending before it, which was filed, in part, by Amacore against Plaintiffs pursuant to the same Merger Agreement. The parties agreed that Amacore's claims against Plaintiffs would be filed in this action as a counterclaim. The parties then filed numerous motions to dismiss, which this Court granted and denied in part.

This case is again at issue upon Plaintiffs' motion for summary judgment and Defendants Amacore, Marcus, and Shafer's motions for summary judgment. Plaintiffs move for summary judgment on Amacore's counterclaim, which consists of claims against Plaintiffs Ty Bruggemann and Rocky Williams for fraudulent inducement, fraud, conspiracy to commit fraud, breach of fiduciary duties, breach of employment agreement, unjust enrichment, and breach of Florida's Deceptive and Unfair Trade Practices Act, and a claim of indemnification for breach of representations and warranties against all Plaintiffs.

Defendant Amacore moves for summary judgment on Plaintiffs' claims of fraudulent inducement, unjust enrichment, and breach of the covenant of good faith and fair dealing. Defendant Marcus moves for summary judgment on Plaintiffs' claims of fraudulent inducement and common law fraud. Finally, Defendant Shafer moves for summary judgment on Plaintiffs' claims of fraudulent inducement and common law fraud.

Upon review of the record, the Court concludes that it is nearly impossible to grant summary judgment in favor of any party on any claims because the record is rife with material disputed facts. And the Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to

trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

Here, the record is disputed on the issue of whether Plaintiffs, other than Bruggemann, were even bound by the Merger Agreement.  Notably, the Merger Agreement references a Joinder Agreement, which was not executed by any Plaintiff.  The Joinder Agreement was to have the effect of making each stockholder of Lifeguard (i.e., each Plaintiff) a party to the Merger Agreement and appointing Bruggemann the stockholder representative.  The uncertainty of this key fact affects the fraudulent inducement claims and the indemnification claims.  It is also relevant to the issue of whether some Plaintiffs have unjust enrichment claims, i.e., if they were not parties to the Merger Agreement, they may have unjust enrichment claims against Amacore.  These are all issues for the jury.

This uncertainty is not aided by Plaintiffs' contradictory statements on this issue. Indeed, in some filings, Plaintiffs argue that they are not bound by the Merger Agreement because they never executed it or the Joinder Agreement.  However, Plaintiffs also attempt to assert claims against Amacore, Marcus, and Shafer for breach of the Merger Agreement, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement, three claims that assume privity of contract.

There is also evidence in the record suggesting that the parties might have amended the Merger Agreement to waive the representation and warranty provisions of the Merger Agreement, which would have an impact on Amacore's claims for indemnification for breach

of representations and warranties against Plaintiffs. And there is an ambiguity in the Merger Agreement as to the limitations period to file a claim for indemnification.

For these reasons, the Court is hesitant to grant summary judgment in favor of any party.[1] However, given Plaintiffs Welch, Burton, Fleischer, and Johnson's admissions in their depositions that they were not fraudulently induced by Shafer, Marcus, or any other representative of Amacore to enter into the Merger Agreement (assuming they are even parties to the Merger Agreement), the Court will grant summary judgment in favor of Shafer, Marcus, and Amacore on their fraudulent inducement claims.[2] Notably, Welch, Burton, Fleischer, and Johnson's testimony reflected that they did not rely upon any statements made by Schafer and/or Marcus, which were either made directly to them (with respect to Welch), or to Bruggemann (with respect to Burton, Fleischer, and Johnson).

The Court will also grant summary judgment in favor of Marcus and against all Plaintiffs on the common law claim of fraud because it is undisputed that Marcus was no longer an Amacore employee as of late August 2008.

The Court will now briefly touch upon some of the parties' arguments in favor of or against summary judgment. First, Plaintiffs' argument that Defendants did not establish their damages is devoid of any merit. Defendants' failure to adequately respond to Plaintiffs'

---

[1] Importantly, the factual disputes discussed in this Order are not the only material disputed facts in this case.

[2] Although Williams admitted that he never discussed the merger with Marcus or Shafer prior to the execution of the Merger Agreement, he stated that he relied upon Bruggemann's recommendation to execute the Merger Agreement, which was, in turn, based on Marcus and Shafer's alleged fraudulent statements.

discovery requests on the issue of damages does not warrant an assumption that Defendants do not have any damages.  Significantly, Plaintiffs did not file a motion to compel related to these allegedly deficient discovery responses.  And Plaintiffs' remaining arguments in favor of summary judgment fail due to the material disputed facts discussed above.

Second, the Court discussed the economic loss rule at length in its orders on the parties' motions to dismiss and is not persuaded by Marcus' argument that it should bar the fraud claims asserted against him in his individual capacity.

Third, Amacore's argument regarding the corporate veil doctrine is devoid of any merit.  Florida law is clear that "individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers."  *Wadlington v. Continental Medical Services, Inc.*, 907 So. 2d 631, 633 (Fla. 4th DCA 2005).

Fourth, the integration clause contained in the Merger Agreement does not preclude fraudulent statements of inducement.  And the record contains material disputed facts on the issue of the content of these fraudulent statements.  Contrary to Defendants' argument, the record contains examples of specific statements made by Shafer and/or Marcus that could be actionable.  Simply put, this issue is for the jury.

Fifth and finally, the record reflects that the fraudulent representations allegedly made by Shafer and/or Marcus were not all about "future" events, despite counsels' attempts to insert the word "future" in their deposition questioning.  Again, this is an issue for the jury.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Motion for Summary Judgment (Dkt. 178) is DENIED.

2.      Defendants' Motions for Summary Judgment (Dkts. 207, 208, and 213) are

GRANTED IN PART.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2009\09-cv-2562.mts4sumjudg.frm